**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEVIN ANDRICH,

          Plaintiff-Appellant,

v.

CHARLES L. RYAN, Director at Arizona
Department of Corrections; JULIA
ERWIN, Legal Access Monitor at Arizona
Department of Corrections; BEVERLY
ULIBARRI, named as Jane Doe Ulibarri,
Paralegal at Arizona Department of
Corrections; CHRISTINA PHILLIS,
Director at Office of Public Defense
Services; JANELLE A. MCEACHERN,
Attorney licensed to practice law in
Arizona; DAVID SHINN, Director, ADC
Director,

          Defendants-Appellees.

No. 20-17322

D.C. No. 4:17-cv-00047-RM

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

---

    \*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted September 9, 2021 []

Before:  FERNANDEZ, SILVERMAN, and NGUYEN, Circuit Judges

Devin Andrich appeals the district court's order granting summary judgment in favor of defendant McEachern.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo, *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001), and affirm.

Summary judgment was proper on the access to the courts claim.  Andrich failed to establish that McEachern caused an actual injury to a post-conviction claim that had arguable factual and legal merit.  *Christopher v. Harbury*, 536 U.S. 403, 414-16 (2002); *Lewis v. Casey*, 518 U.S. 343, 351, 353 n.3 (1996).  The "'arguable' nature of the underlying claim" must be "more than hope." *Christopher*, 536 U.S. at 416.

Summary judgment was also proper on the state breach of fiduciary duty legal malpractice claim.  Andrich failed to come forward with sufficient evidence of both a cognizable injury and causation.  *See Cecala v. Newman*, 532 F. Supp. 2d 1118, 1134 (D. Ariz. 2007) (defining a cognizable injury as "the loss of a right, remedy, or interest, or the imposition of a liability" caused by an attorney's

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

"willful fiduciary breach."); *Glaze v. Larsen*, 83 P.3d 26, 29 (Ariz. 2004) (en banc) ("[a] necessary part of the legal malpractice plaintiff's burden of proof of proximate cause is to establish that but for the attorney's negligence, he would have been successful in the prosecution or defense of the original suit") (internal quotation marks omitted); *Hyatt Regency Phoenix Hotel Co. v. Winston & Strawn*, 907 P.2d 506, 517 (Ariz. Ct. App. 1995) ("[t]o recover compensatory damages in a legal malpractice action the plaintiff must prove that but for the attorney's negligence, the prosecution or defense of the original action would have been successful").

We decline to consider the emotional damages argument raised for the first time on appeal. *See Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (claims not raised in opposition to summary judgment are abandoned); *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 n. 6 (9th Cir. 1999) (issues not raised in summary judgment are waived on appeal). We similarly decline to consider the punitive damages argument made for the first time in the reply brief. *See Arpin*, 261 F.3d at 919 (issues not raised in the opening brief are waived).

**AFFIRMED.**